# Walsh, Appellant, v. Pennsylvania Coal Company.

*Negligence—Master and servant—Coal company—Contributory negligence—Nonsuit.*

In an action by an employee of a coal company against his employer to recover damages for personal injuries, a nonsuit is properly entered where it appears that the plaintiff was employed as a brakeman upon mine cars operated in the defendant's mine by an electric motor; that none of the plaintiff's duties required him to ride upon the motor, that notwithstanding this he did undertake to ride upon the top of the motor, lying flat on his face, when it was moving through a portion of the mine with which he was fairly familiar, and which he knew to be dangerous; and that as a result of his act he was caught between the motor and an irregularity in the roof, and badly hurt.

Argued Feb. 20, 1911. Appeal, No. 42, Jan. T., 1910, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1908, No. 997, refusing to take off nonsuit in case of John Walsh v. Pennsylvania Coal Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*M. A. McGinley,* for appellant.

*Everett Warren,* with him *Henry A. Knapp* and *C. P. O'Malley,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 1, 1911:

A careful examination of the evidence in this case has satisfied us that the judgment of compulsory nonsuit was properly entered, and that the court below did not

err in refusing to take off the judgment. The plaintiff was employed as a brakeman upon mine cars moved by an electric motor in the mines of the defendant company. His duties were to throw switches, change the trolley, attend to the couplings, restore the cars to the track if need be, sprag the wheels of the cars to control their speed, etc. In none of these matters was it necessary for him to ride upon the motor, as the work which he was to do required him to be on the ground. Yet it appears that at the time of the accident, he did undertake to ride on the top of the motor, under very dangerous conditions, and was injured while so doing. The passageway through which the motor and the cars ran, was low, the distance from the roadbed to the roof being less than five feet, and the space between the roof of the mine and the top of the motor upon which plaintiff undertook to ride, was not over twenty inches. At the place where the accident occurred, there was an irregularity or projection in the roof which brought it about three inches below the usual surface, and at this point the plaintiff was caught between the motor car and the irregularity in the roof, and was badly hurt. No sufficient reason was shown or suggested, why the brakeman should have been riding on the motor at the time, instead of walking at the side of the cars, or going ahead for the short distance required, and much less was there any apparent reason for his riding on top of the motor where the space for passage between the top of the motor and the roof was so limited. There was no seat for the brakeman upon the motor, and it was evidently not intended that he should ride thereon; if he climbed up and lay down flat upon it, as he says he did, it was to suit his own temporary purpose, and must have been at his own risk. His work of spragging the wheels, which was merely inserting short wooden sticks between the spokes, required him to walk by the side of the moving cars, and nothing but his desire to be carried a distance of thirty or forty feet seems to have induced him to get upon the motor. The accident occurred upon what

was known as the "Pillar Road," with which the plaintiff was fairly familiar; and, as the court below says in its opinion discharging the rule to take off the nonsuit, the plaintiff not only knew from several years' experience, in a general way, the character of the roadways, the thickness of the veins, and the nature of the roof, but he "had a sufficient length of time before the accident to become acquainted with this road, and the irregularities in the surface of the roof. He had made about twenty-five trips altogether, making about fifty times that he passed along the 'Pillar Road' in the regular course of his employment."

We agree with the court below, that the only conclusion that could fairly or properly be drawn from the evidence, was that the plaintiff was chargeable with contributory negligence, in venturing, as he did for his own purpose, to ride upon the top of the motor car at the time and place of the accident. The consequences were deplorable, but he brought them upon himself. The assignment of error is overrruled, and the judgment is affirmed.